D.M. "Ken" HARRIS and Wife, Brenda Harris, Appellants,

v.

WESTERN BEST, INC., Appellee.

No. 07–90–0142–CV.

Court of Appeals of Texas, Amarillo.

Sept. 20, 1990.

David M. McCoy, Williams, McCoy and Goodall, Childress, for appellants.

James T. Shelton, Clarendon, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

D.M. Harris and wife, Brenda (Harris), were the makers of two notes originally owned by First State Bank of Childress (Bank). Upon the Bank's insolvency, the F.D.I.C. as receiver sold Harris' loans to the F.D.I.C. in its corporate capacity. In such capacity, the F.D.I.C. transferred, by sale, the notes to Western Best, Inc. (Best). The two notes were the basis of Best's cause of action and its motion for summary judgment. The notes' financing agreements provided for future advances up to a maximum loan limit. The aggregate maximum amount of the two loans had not been reached at any time prior to or after the Bank's failure. In response to Best's suit, Harris filed a general denial and a counterclaim against Best contending that Best and its assignors breached the terms of the notes' financing agreements, and such actions (not advancing funds, nor covering overdrafts)[1] allegedly damaged Harris. Best never responded to Harris' allegations; instead, Best offered summary judgment evidence that it was the owner and holder of the two notes made by Harris in favor of the Bank. Best alleged that the notes were past due and that notice and demand had been made. Best set out the amounts due on the notes which were later stipulated by the parties. After a hearing, the trial court granted Best's motion for summary judgment.

In three points of error, Harris contends that the trial court erred in granting Best's motion for summary judgment in light of the undisputed claims set out in their counterclaim. Even though Harris' counterclaim is undisputed, the points of error will be denied, and the summary judgment will be affirmed. All of the elements of Best's cause of action were established as a matter of law, and Harris has no cause of action against Best or its assignors.

■ In *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985), our Supreme Court articulated the rules to be followed by an appellate court in reviewing a summary judgment record:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding if there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

In applying this test, we find no existing genuine issue of material fact, and Best was entitled to judgment as a matter of law in his case in chief. Harris does not contest Best's case in chief, but contends that the counterclaim defeats in whole or in part Best's right to recover. Harris' chief complaint in the counterclaim is that the F.D.I.C. as receiver did not cover Harris' overdrafts and did not continue to fund Harris' loans. Also, they contend that notice that funds would no longer be advanced was not given by the F.D.I.C., and as a result, Harris' business was injured.

---

1. Even though the conditions for future advances under the notes in question required appellant to ask for the advance in person or by phone, he alleges that the Bank implemented a past course of dealing which automatically advanced funds on the notes to cover his checking account overdrafts. Thus, appellants would argue that the express conditions were waived by the Bank.

Assuming for the purposes of appeal that these allegations are true, the first question which must be addressed is whether the F.D.I.C. as receiver was under a legal duty to honor the Bank's commitment to advance future funds.

Harris was unable to provide, and this Court was unable to find, any authority which would support the theory that the F.D.I.C., in either its receivership or corporate capacity, would be under a duty to advance additional funds or cover checking overdrafts as argued by Harris. Since the F.D.I.C.'s function, under 12 U.S.C.S. section 1821, is to protect depositors' interests and liquidate an insolvent bank's assets, we find that the F.D.I.C., as receiver, was under no duty to advance additional funds. Partially funded loans are analogous to contracts which the "receiver for any insured depository institution may disaffirm or repudiate any contract ... to which such institution is a party; the performance of which the ... receiver ... determines to be burdensome; and the disaffirmance or repudiation of which the ... receiver determines ... will promote the orderly administration of the institution's affairs." 12 U.S.C.S. section 1821(e) (Law. Co-op Supp. 1990).

Having concluded that the F.D.I.C. was under no duty to continue to fund Harris' loans, we need not address the contention that neither Best nor F.D.I.C. was a holder in due course. Best's holder in due course status would become relevant only if a duty existed, and then only if there was a breach of that duty.

■ Even if the F.D.I.C. were under a duty to continue to fund such loans, the instant financing agreements expressly provide that "the conditions for future advances are as requested by phone or in person." Nowhere in the loan agreements are automatic advances to cover overdrafts contemplated. Additionally, nothing in the transcript evidences that Harris complied with the conditions of appearing in person or calling by phone to secure additional financing. Thus, even if a duty to continue to fund the loans existed, the F.D.I.C. cannot be held to have violated the terms of the notes in this case.

■ Harris argues that these notice requirements for future advances were waived by the Bank's past course of covering Harris' check overdrafts. While this may be true, the F.D.I.C. cannot be bound, as Harris argues, by such unwritten side agreements. The F.D.I.C. is afforded great protection from such agreements in both its receivership and corporate capacities by the D'Oench, Duhme Doctrine and article 12 U.S.C.S. section 1823(e), respectively. *Beighley v. F.D.I.C.*, 868 F.2d 776, 782–785 (5th Cir.1989).

■ There being no legal duty upon the F.D.I.C., Best is similarly situated as assignee of the F.D.I.C. Therefore, we conclude that Harris had no cause of action against Best and the trial court's properly entered summary judgment in favor of Best is hereby affirmed.